UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------x
EILEEN A. CLINTON, on behalf of herself
and as Administratrix of the Estate of
William A. Champagne,

                              **MEMORANDUM & ORDER**

            Plaintiff,

     - against -

                              05 Cv. 9907 (CLB)

BROWN & WILLIAMSON HOLDINGS, INC.,
as successor by merger to American Tobacco
Company and Philip Morris USA, Inc.

            Defendant.
-----------------------------------------------------------x
DAVID MULHOLLAND AND FLORENCE
MULHOLLAND

            Plaintiffs,

                              05 Cv. 9908 (CLB)

     - against -

PHILIP MORRIS USA, INC.,

            Defendant.
-----------------------------------------------------------x
ANN AND JOHN GRILL,

                              05 Cv. 9174 (CLB)

            Plaintiff,

     - against -

PHILIP MORRIS USA, INC.

            Defendant.
-----------------------------------------------------------x
Brieant, J.

      Before the Court for decision are Plaintiffs' motions to consolidate these actions for the purposes of trial pursuant to Rule 42(a). (Doc. 38 in *Ann and John Grill v. Philip Morris USA,*

*Inc.* 05-cv-9174); (Doc. 53 in *Eileen A. Clinton, on behalf of herself and as administratrix of the Estate of William A. Champagne, Jr. v. Brown & Williamson Holdings, Inc., as successor by merger to American Tobacco Company and Philip Morris USA, Inc.*, 05-cv- 9907); (Doc. 40 in *David Mulholland and Florence Mulholland v. Philip Morris USA, Inc.*, 05-cv-9908.)  For the reasons stated below, the motion is denied.

Plaintiff in *Grill* was a smoker who has been diagnosed with lung cancer.  Plaintiffs in *Mulholland* and *Clinton* are the surviving family members of two smokers who died of lung cancer.  They brought personal injury actions under New York law against Defendant Tobacco manufacturers, asserting claims for, among other things, strict product liability, negligent and defective design, fraud, and failure to warn.

This Court has issued decisions on Defendants' summary judgment motions in the *Clinton* and *Mulholland* cases.  In *Clinton*, this Court dismissed all claims against Philip Morris.  The only remaining claims are for failure to warn and fraudulent concealment, up to September 11, 1968, against Brown and Williamson, as successor by merger to American Tobacco Company.  In *Mulholland*, this Court granted in part and denied in part the summary judgment motion of Philip Morris, the sole defendant in that case.  As a result of this Court's Memorandum and Order, the sole remaining claims against Philip Morris are for failure to warn and fraudulent concealment, up to August 6, 1964.

Plaintiff Ann Grill died on January 26, 2007.  A suggestion of death was filed on

February 1, 2007. (Doc. 54.) Upon request of the decedent's counsel, this Court granted an extension of time to file a motion for substitution of parties. The time to file such motion has been extended until September 4, 2007.

Many of the arguments made in favor of consolidation of these actions are no longer applicable to the facts as they now stand. The only two cases now ready to proceed are *Clinton* and *Mulholland*. These cases do not have any parties in common, although there remain some common questions of law and fact. The Court concludes that these common questions of law and fact do not overcome the risk of jury confusion and possible prejudice to the separate defendants if the Court were to consolidate this action for trial purposes. The same analysis applies to the *Grill* case.

Motions denied as a matter of discretion.

X

X

X

SO ORDERED.

Dated: White Plains, New York
July 25, 2007

                                      *Charles Brieant*
                                    Charles L. Brieant, U.S.D.J.